

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 10, 2020

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007

              Re:        **United States v. William Ray**, 17 Cr. 610 (LGS)

Dear Judge Schofield:

      The Government respectfully writes in opposition to defendant William Ray's motion to modify his sentence in light of COVID-19.  Ray's motion should be denied because (i) he has failed to demonstrate extraordinary and compelling reasons warranting his release; and (ii) the factors set forth in 18 U.S.C. § 3553(a) weigh against his release.[1]

**I.**      **Ray's Motion Does Not Establish Compelling and Extraordinary Reasons Warranting His Release**

      Under 18 U.S.C. § 3582(c)(1)(A), "[t]he court may not modify a term of imprisonment once it has been imposed except" as provided in the statute. *See also United States v. Goode*, No. 14 Cr. 810 (CM), 2020 WL 58272, *1 (S.D.N.Y. Jan. 6, 2020); *United States v. Israel*, No. 05 Cr. 1039 (CM), 2019 WL 6702522, *1 (S.D.N.Y. Dec. 9, 2019). The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines. The court can modify a sentence only if, as relevant here, it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Any proposed reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In addition, the factors set forth in 18 U.S.C. § 3553(a) are relevant to determining whether compassionate release is warranted. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

      In the Application Notes to Section 1B1.13, the Sentencing Commission provides examples of circumstances that could amount to "extraordinary and compelling reasons" under the statute. According to the notes, a defendant's medical condition could qualify if it involves "a

---

[1] Ray appears to have exhausted administrative remedies.  In a letter dated April 17, 2020 that the Bureau of Prisons ("BOP") provided to the Government, Ray requested compassionate release and/or home confinement.  On April 27, 2020, the BOP denied Ray's request for compassionate release.

terminal illness" or another condition "that substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A). Family circumstances that could qualify as "extraordinary and compelling reasons," the Application Notes state, are the "death or incapacitation" of a defendant's child's caregiver, or the incapacitation of the defendant's spouse if the defendant would be the only available caregiver for that incapacitated individual. *Id.* at Application Note 1(C).

The defendant bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) (same).

Ray, who is 29 years old, has failed to carry his burden. In his motion, Ray does not specify any medical condition that puts him at increased risk of severe illness from COVID-19; nor do his medical records show that he has any such condition. *See Groups at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last reviewed August 10, 2020). Rather, Ray appears to be young and healthy. Accordingly, Ray has not demonstrated extraordinary and compelling reasons warranting his release.

## II. The Section 3553(a) Factors Weigh Against Release

The 3553(a) factors also weigh against Ray's motion. Ray was arrested in 2017 as part of a 33-defendant takedown of gang members and drug dealers based in the Mill Brook Houses in the Bronx. In particular, in 2017, Ray sold a loaded .22 caliber gun and five bags of cocaine to an undercover officer, in exchange for $800. Ray has not served enough prison time to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a).

Ray's effort to use the compassionate release mechanism to get around his five-year mandatory minimum sentence should be rejected. The compassionate release statute "is not an opportunity to second guess or to reconsider whether the original sentence was just." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020). As such, the Court should not "grant [a compassionate release] motion simply because it provides a means to do what the Court could not do at the time of sentencing: impose a sentence below the statutory mandatory minimum." *United States v. Robles*, 16 Cr. 387 (JMF), Dkt. No. 428, slip op. at 2 (S.D.N.Y. July 17, 2020). To do so would "undermine Congress's intent in enacting the mandatory minimum" and create unwarranted sentencing disparities between Ray and others who were sentenced in accordance with the mandatory minimum. *Id.*

Hon. Lorna G. Schofield  Page 3
August 10, 2020

## Conclusion

For these reasons, the Government respectfully submits that Ray's motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) should be denied.

                        Respectfully submitted,

                        AUDREY STRAUSS
                        Acting United States Attorney

By:   /s/
       Jordan Estes
       Alexandra Rothman
       Assistant United States Attorneys
       (212) 637-2543/2580

cc: William Ray (via U.S. Mail)