UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                    Plaintiff,              :
                                                            :    17 Cr. 610-12 (LGS)
                -against-                                   :
                                                            :    ORDER
WILLIAM RAY,                                                :
                                    Defendant,              :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 30, 2020, Defendant filed a letter seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On August 10, 2020, the Government filed a response in opposition and e-mailed to Chambers Defendant's Bureau of Prisons ("BOP") medical records per the Order dated July 31, 2020. On August 28, 2020, the Government filed a supplemental response regarding the conditions at FCI Williamsburg per the Order dated August 17, 2020;

WHEREAS, Defendant pleaded guilty to using and carrying a firearm in furtherance of a narcotics conspiracy, pursuant to a plea agreement dated June 29, 2018. On November 15, 2018, Defendant was sentenced to 60 months' incarceration followed by 3 years of supervised release;

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus;

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13,

provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1-2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, the Centers for Disease Control and Prevention ("CDC") have identified that among adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk, and that people of all ages with certain conditions are also at increased risk of severe illness from COVID-19.  *See Coronavirus Disease 2019 (COVID-19):  People Who Are At Increased Risk for Severe Illness* at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.  Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19."  *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020).  *See also U.S. v. Haney*, 19 Cr. 541, 2020 WL 1821988, at *6 (S.D.N.Y. Apr. 13, 2020);

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances.  Defendant is 29-years old, and he does not describe any medical condition that puts him at increased risk of severe illness from COVID-19.  The Government represents that,

based on Defendant's BOP medical records, Defendant appears to be in good health. The BOP medical records substantiate the Government's representation. Defendant's pre-sentence investigation report also does not provide evidence that he suffers from a condition considered a risk factor for severe illness from COVID-19, and therefore, he has not met the burden of demonstrating extraordinary and compelling circumstances based on any health condition. *See Gotti*, 2020 WL 497987, at *5 (rejecting the defendant's claim of a likely cancerous growth in part because there is no diagnosis of lung cancer in the BOP's medical records).

Defendant argues that the conditions at FCI Williamsburg may themselves constitute "extraordinary and compelling circumstances." As of the date of the Government's supplemental letter, there are no reported cases of COVID-19 at FCI Williamsburg. Though the lack of cases may indicate limited testing or asymptomatic transmission, it may also indicate that the BOP's current protocols have been sufficient to prevent an outbreak. *See Haney*, 19 Cr. 541, 2020 WL 1821988, at *6 (S.D.N.Y. Apr. 13, 2020) (explaining that limited increase in confirmed cases provides "some indication that the BOP's efforts are working"). Further, in response to Defendant's specific concerns, the Government has confirmed that FCI Williamsburg is required to provide weekly inventory to the BOP regarding personal protective equipment and that new inmates that test positive for COVID-19 quarantine in the Special Housing Unit ("SHU") apart from those in the SHU for security purposes. It is hereby

**ORDERED** that Defendant's letter is construed as a motion for compassionate release, which is DENIED for the reasons stated above. Defendant has not demonstrated the requisite extraordinary or compelling circumstances. *See U.S. v. Monsanto Lopez*, 16 Cr. 643-1, 2020 WL 2555305, at *1 (S.D.N.Y. May 20, 2020) (denying motion for compassionate release because the defendant could not demonstrate extraordinary and compelling reasons in part because his

Bureau of Prisons medical records and pre-sentence investigation report did not provide evidence that the defendant suffered from a medical condition that the CDC has identified as a risk factor for severe illness from COVID-19).

Dated: September 2, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**