UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES,                                              :
                                  Plaintiff,                :     17 Crim. 610-12 (LGS)
                                                            :
                   -against-                                :     ORDER
                                                            :
WILLIAM RAY,                                                :
                                  Defendant.                :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant pleaded guilty to using and carrying a firearm in furtherance of a narcotics conspiracy, pursuant to a plea agreement dated June 29, 2018. On November 15, 2018, Defendant was sentenced to a mandatory minimum of 60 months' incarceration followed by 3 years of supervised release.

WHEREAS, on July 30, 2020, Defendant filed a letter seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), noting the risks of COVID-19 at the facility where he was then housed, FCI Williamsburg. The Court denied Defendant's request for compassionate release, noting (1) he was 29 years old and in good health, without any medical conditions that put him at increased risk of COVID 19 and (2) there were no current COVID-19 cases at FCI Williamsburg.

WHEREAS, on February 8, 2021, Defendant submitted a second motion seeking compassionate release due to the presence of COVID-19 at FTC Oklahoma City, the facility where he is currently housed The Government submitted a letter in opposition on February 19, 2021, along with Defendant's updated Bureau of Prisons medical records.

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include (1)

"the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

WHEREAS, the factors set forth in § 3553(a) do not support a reduction in Defendant's five-year mandatory minimum sentence. The serious nature of the offense and the need for deterrence and non-recidivism remain unchanged. Granting Defendant's motion does not align with the "need for the sentence imposed . . . to reflect the seriousness of the offense and afford just punishment" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B); *see, e.g.*, *United States v. Haney*, 454 F. Supp. 3d 316, 324 (S.D.N.Y. 2020) (denying a 61-year-old defendant's motion for compassionate release where release would reduce a forty-two-month sentence to nine months).

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three

conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). Because Defendant appears *pro se*, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

WHEREAS, the Centers for Disease Control ("CDC") has stated that people of any age with certain underlying health conditions are at an increased risk of severe illness due to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Feb. 22, 2021) (the "CDC Guidance"). Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances that warrant compassionate release. Defendant is approximately twenty-nine years

3

old and his current motion for compassionate release, like his prior motion, identifies no medical condition that puts him at increased risk of severe illness from COVID-19.  Defendant's medical records substantiate his good health and show that he has access to regular medical care.  Accordingly, Defendant has not met his burden of demonstrating extraordinary and compelling circumstances based on any health condition.  *See Haney* 454 F. Supp. 3d at 323 (denying compassionate release for a 61-year-old inmate who was "in reasonably good health" aside from his age); *United States v. Nissen*, No. 17 Crim. 477, 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying compassionate release where medical record did not corroborate claimed medical conditions).

WHEREAS, Defendant generally claims that his risk of COVID-19 infection is unduly high due to the number of cases and conditions of confinement at his facility, FTC Oklahoma City.  This argument is unpersuasive.  First, Defendant's medical conditions do not establish an extraordinary and compelling reason for release due to the risk of COVID-19, as discussed above.  Second, Defendant has regular access to effective medical care, as evidenced by his medical records.  Third, FTC Oklahoma City, like other Bureau of Prisons facilities, has implemented COVID-19 mitigation measures, including masks, social distancing and temperature-taking protocols.  *See* Bureau of Prisons, *BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Feb. 22, 2021).  Fourth, as of February 22, 2021, FTC Oklahoma City had eight coronavirus cases among inmates and fifty-nine among staff, *see* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Feb. 22, 2021), and courts have persuasively noted that conditions there do not rise to the level of extraordinary and compelling circumstances, *see, e.g.*, *United States v. Vennes*, No. 11 Crim. 141, 2020 WL 3056654, at *1 (D. Minn. June 9, 2020) (holding "the presence of

COVID-19 [at FTC Oklahoma City] does not alone justify release to home confinement" because "FTC Oklahoma City is taking significant steps to isolate and quarantine infected inmates and staff, as well as those showing symptoms of COVID-19"). In light of this evidence, Defendant has not established that conditions at FTC Oklahoma City constitute an extraordinary and compelling justification for release. Accordingly, it is hereby

**ORDERED** that Defendant's motion for compassionate release is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Defendant.

Dated: February 23, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**