UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES,

                            Plaintiff,              17 Crim. 610-12 (LGS)

            -against-                          ORDER

    WILLIAM RAY,

                          Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Defendant pleaded guilty to using and carrying a firearm in furtherance of a narcotics conspiracy, pursuant to a plea agreement dated June 29, 2018. On November 15, 2018, Defendant was sentenced to a mandatory minimum of 60 months' incarceration followed by 3 years of supervised release.

    WHEREAS, on July 30, 2020, Defendant filed a letter seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), noting the risks of COVID-19 at the facility where he was then detained, FCI Williamsburg. On February 8, 2021, Defendant submitted a second motion seeking compassionate release due to the presence of COVID-19 at FTC Oklahoma City, the transfer facility where he is currently detained. The Court denied both requests, noting Defendant's good health, access to medical care and the presence of COVID-19 mitigation measures at the facilities.

    WHEREAS, Defendant's February 8, 2021, letter claimed that he (1) is eligible for consideration for release to a residential reentry center and (2) will miss the deadline for such consideration because he is currently detained at FTC Oklahoma City but, due to COVID restrictions, cannot be transferred to FMC Rochester, the facility where he is designated for residential reentry consideration. Construing *pro se* Defendant's arguments broadly to raise the strongest claims they suggest, *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018), Defendant

seeks an order directing he be immediately considered for residential reentry placement.

WHEREAS, the Government represents that (1) Defendant is eligible for consideration for release to a residential re-entry center despite his current detention at FTC Oklahoma; (2) because inmates' files are not routed through transfer facilities like FTC Oklahoma, transfer facilities defer to inmates' designated facilities for residential re-entry center placement determinations; (3) Defendant's transfer to FMC Rochester will occur soon and (4) FMC Rochester will consider Defendant's residential re-entry placement status. Accordingly, it is hereby

**ORDERED** that Defendant's motion for immediate consideration for residential reentry placement is DENIED without prejudice to renewal in the event he is not considered for reentry placement at FMC Rochester because of delay in his transfer from FTC Oklahoma. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Defendant.

Dated: February 26, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**